UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRANCE RAYFORD,

                Petitioner,                    **ORDER**
                                                            **NO. 02-CV-0811(VEB)**
      -vs-

GEORGE DUNCAN,

                Respondent.
_____

        On September 24, 2004, the Court (Scott, M.J.) granted petitioner Terrance Rayford ("Rayford") a stay of the instant habeas corpus proceeding so that he could return to state court to exhaust his remedies with regard to certain claims of ineffective assistance counsel. (Docket No. 13). As a condition of the stay, petitioner was directed to commence exhaustion proceedings in state court within 30 days after the entry of the Order granting the stay, which Rayford did. (*Id.*) The other condition was that petition return to district court within 30 days after he had completed his exhaustion proceedings in state court. (*Id.*)

        Rayford's most recent correspondence, dated October 14, 2005, informed the Court that his motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 had been denied by the trial court and that he was waiting for the Appellate Division to notify him whether his application to appeal had been granted or denied. (Docket No. 20). Rayford attached a letter from the Appellate Division dated October 7, 2005, stating that Rayford's "motion was under consideration" and that he would "be notified of the Court's decision." (Docket No. 20). A denial of leave to appeal by the Appellate Division completes the exhaustion process in regard to a C.P.L. § 440.10 motion, as "[t]here is no right to appeal or seek leave to appeal to the New York Court of Appeals from a New York State Supreme Court,

Appellate Division's denial of leave to appeal from a denial of a motion for post-conviction relief pursuant to C.P.L. § 440.10." *Olivero v. Fischer*, 2004 WL 1202934, at *1 n.1 (W.D.N.Y. June 1, 2004) (Curtin, J.) (citing N.Y. Crim. Proc. Law § 450.90(1)); *accord, e.g., Tineo v. Strack*, 1998 WL 938950, at *2 (E.D.N.Y. Nov. 12, 1998)). Thus, once Rayford receives a determination on his leave application from the Appellate Division, he has 30 days in which to return to district court and provide notice that his exhaustion proceedings are complete.

Rayford is directed to advise this Court in writing within 30 days of his receipt of this Order if he has received a determination on his leave application in regard to the C.P.L. § 440.10 motion from the Appellate Division. If he has, Rayford must also advise the Court in the same correspondence whether he is asking the Court to vacate the stay of the amended petition and reinstate the ineffective assistance of trial counsel claims that had been dismissed without prejudice pending exhaustion. If the Appellate Division has denied leave to appeal the C.P.L. § 440.10 motion in the time since Rayford last contacted the Court in October 2005, the Court may vacate the stay and dismiss the ineffective assistance of counsel claims with prejudice based on Rayford's failure to "return" to this Court within 30 days of his completing exhaustion proceedings as required by the Court's Order entering a stay in this matter (Docket No. 13) and the previous Order to Show Cause (Docket No. 19).

Rayford is advised that his failure to provide the requested information regarding the status of the exhaustion proceedings within 30 days of receipt of this Order may lead to vacatur of the stay and dismissal of the ineffective assistance of counsel claims with prejudice.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  March 4, 2008.
        Buffalo, New York.